**MEMO ENDORSED** (p. 8)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
KENNETH HIMMEL, et al.,                                           :
                                                                  :
                              Plaintiffs,                         :   09 Civ. 5073 (LMM) (DF)
                                                                  :
                -against-                                         :   REPORT AND
                                                                  :   RECOMMENDATION
COUNTRY IN NEW YORK, LLC,                                         :
                                                                  :
                              Defendant.                          :
------------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/04/2011
```

**TO THE HONORABLE LAWRENCE M. MCKENNA:**

On March 23, 2010, the Court entered a judgment against defendant Country in New York, LLC ("Defendant") in the amount of $225,000, plus prejudgment interest, "reasonable attorneys' fees in an amount to be determined by the Magistrate Judge," and costs and expenses to be fixed by the Clerk of Court. (*See* Dkt. 22.) The Honorable Lawrence M. McKenna referred the matter to me to determine the amount of attorneys' fees that should be awarded to plaintiffs in connection with that judgment. (*See* Dkt. 21.)

## BACKGROUND

There is no issue here as to whether fees should be awarded to Plaintiffs, as the Court has already decided that issue. (*See* Dkt. 22.) The only question currently before the Court is the amount of fees and legal expenses that would be reasonable, based on Plaintiffs' attorney time records and other submissions. Based on Plaintiffs' fee application papers (*see* Plaintiffs' Application for Reimbursement of Attorneys' Fees Incurred During the Period May 2009 through May 2010, dated May 28, 2010 ("Pl. Appl.") (Dkt. 25); Declaration of Charles A. Stewart, III, Esq., dated May 25, 2010 ("Stewart Decl.") (Dkt. 26)), Plaintiffs seek to recover a

total of $11,863.50 in fees[1] and $1,345.02 in professional expenses (*see* Pl. Appl. at ¶ 7), comprised of the following:

1. attorneys fees for 28.8 hours of work by Charles A. Stewart, III, Esq. ("Stewart"), billing at an initial rate of $410 per hour and then a subsequent rate of $425 per hour, for total fee award of $11,863.50, comprised of:

    a. 5.5 hours, at a rate of $410 per hour, spent preparing and filing the Complaint, which included reviewing documents, researching causes of action, and drafting the Complaint;

    b. 8.8 hours, at a rate of $410 per hour, spent between the filing of the Complaint and the filing of a summary judgment motion, on tasks including communications with counsel, drafting discovery requests and interrogatories, and attending a court conference before Judge McKenna;

    c. 10.8 hours, at a rate of $410 per hour, spent preparing Plaintiffs' motion for summary judgment and Plaintiffs' reply brief in further support of that motion;

    d. 3.7 hours, at a rate of $425 per hour, spent resolving the case following the Court's granting of Plaintiffs' summary judgment motion, including such tasks as reviewing the Court's ruling, communicating with opposing counsel, and preparing the instant fee application; and

2. expenses totaling $1,345.02, comprised of $7.32 in photocopying costs, $786 in process server costs, $29.66 in postage and messenger costs, $0.06 in telephone costs, and $521.98 in legal research costs

(*see* Stewart Decl., at Ex. A). In support of the requested fees, Plaintiffs have submitted detailed time records indicating the specific tasks performed by counsel and the time spent on each task. (*See id.*)

---

[1] In his declaration, Stewart at one point misstates the total fees as $11,208.52 instead of $11,863.50. (*See* Stewart Decl. at ¶ 3.) It is clear from the sum total sought, however, as well as the actual fees indicated in the billing records, that the fees sought in Plaintiffs' application -- and seemingly incurred by Plaintiffs -- are $11,863.50. (*See* Pl. Appl. at ¶ 7.)

2

Defendant has not opposed the pending fee application.

## DISCUSSION

### I. APPLICABLE LEGAL STANDARDS

The Court has discretion to determine the amount of attorneys' fees that would be appropriate to satisfy a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). In determining appropriate fees, the Court begins by multiplying an attorney's reasonable hours by a reasonable hourly rate for the services performed, so as to determine a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 118-21 (2d Cir. 2007). The party seeking fees bears the burden of demonstrating that its requested fees are reasonable. *See Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Robinson v. City of New York*, No. 05 Civ. 9545 (GEL), 2009 U.S. Dist. LEXIS 89981, at *8 (S.D.N.Y. Sept. 29, 2009). To that end, the fee application must be supported by contemporaneous time records that "specify, for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

Where the requested amount of fees is excessive because the number of stated hours is greater than that which should have been required for the work produced, the Court should reduce the stated hours accordingly. *See Seitzman v. Sun Life Assurance Co. of Canada*, 311 F.3d 477, 487 (2d Cir. 2002) (the time component should not reflect excessive hours). A reduction is also appropriate where the proffered attorney time records are inadequate to enable the Court to determine the reasonableness of the work performed or the time expended. *See Hensley*, 461 U.S. at 433. In determining whether an excessive amount of time was expended on a matter, the Court may also consider the nature and quality of the work submitted by counsel in

3

connection with the litigation, *see Kirsch v. Fleet St. Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 232 (2d Cir. 1987), as well as the degree of counsel's success, *see Hensley*, 461 U.S. at 436.

## II. PLAINTIFFS' APPLICATION

### A. Reasonableness of Requested Fees

An attorney's hourly rate is considered reasonable when it is "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation," *Blum*, 465 U.S. at 895 n.11, and when it comports with what "a paying client would be willing to pay" in that community, *Arbor Hill*, 493 F.3d at 117-18. Although the fee applicant has the burden of demonstrating prevailing market rates for comparable work, *see Broome v. Biondi*, 17 F. Supp. 2d 230, 237 (S.D.N.Y. 1997), the Court may also apply its "own knowledge" of rates charged in the community in assessing the reasonableness of the rates sought, *Miele v. N.Y. State Teamsters Conference Pension & Ret.*, 831 F.2d 407, 409 (2d Cir. 1987). The Court has ample discretion to determine whether the hourly rates that Plaintiffs request for their attorneys are reasonable. *See Miele*, 831 F.2d at 409 (holding that court may rely on its own knowledge of prevailing rates in community to determine reasonable hourly rates); *Jones v. Amalgamated Warbasse Houses, Inc.*, 721 F.2d 881, 885 (2d Cir. 1983) (holding that court may look to other recent decisions to determine reasonable hourly rates).

Here, it appears that Plaintiffs' attorney Stewart has "specialized in corporate and commercial litigation" for more than 20 years (*see* http://www.somlaw.com/profiles.html), and Defendant does not dispute the reasonableness of Stewart's billing rate of $410 to $425 per hour.

4

Given Stewart's level of experience, the nature of the services performed, and the local market, this Court finds his billing rate appropriate. *See, e.g., Verizon Directories Corp. v. Amcar Transp. Corp.*, No. 05 Civ. 8867 (GBD) (RLE), 2008 U.S. Dist. LEXIS 112076, at *10-11 (S.D.N.Y. Oct. 10, 2008) (Report & Recommendation) (in breach of contract action for non-payment, fees of $425/hour and $525/hour were reasonable for partners with substantial experience in commercial litigation), *adopted by* 2008 U.S. Dist. LEXIS 92037 (S.D.N.Y., Nov. 12, 2008); *VFS Fin., Inc. v. Pioneer Aviation, LLC*, No. 08 Civ. 7655 (GBD) (AJP), 2009 U.S. Dist. LEXIS 70003, at *13-15 (S.D.N.Y. Aug. 11, 2009) (Report & Recommendation) (in action for failure to pay monies owed under contract, associates' and partners' billing rates ranging from $328 to $440 per hour were reasonable), *adopted by* No. 08 Civ. 7655 (GBD) (AJP) (S.D.N.Y. Nov. 4, 2009) (slip op.).

The Court also finds the number of hours billed to be reasonable. Stewart litigated this entire case, from serving the Complaint to obtaining summary judgment in Plaintiffs' favor, in fewer than 30 billed hours. The Court has reviewed the time records submitted by Plaintiffs and finds that the time expended by Stewart to be reasonable under the circumstances. Furthermore, as noted above, Defendant has not disputed the reasonableness of the fees requested.

Plaintiffs properly contend that they are entitled to recover fees for the two hours of attorney time incurred in preparing the instant fee application. (*See* Stewart Decl., Ex. A.) In general, a party that has been awarded attorneys' fees is entitled to recover the reasonable cost of making a fee application. *See Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) ("a reasonable fee should be awarded for time reasonably spent in preparing an application for . . . fees"); *Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist.*, 71 F.3d 1053, 1060 (2d Cir. 1995) (in

general, "motion costs should be granted whenever underlying costs are allowed"). The rationale for allowing recovery of attorneys' fees for the time expended obtaining those fees is that to do otherwise "would dilute the value of a fees award by forcing attorneys into extensive, uncompensated litigation in order to gain any fees." *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979) (internal quotation marks and citation omitted). The Court therefore recommends that Plaintiffs be awarded the entire amount of fees they seek, including fees incurred during the preparation of the instant fee application.

### B. Requested Expenses as Part of Fee Award

Plaintiffs' instant "Application for Reimbursement of Attorneys' Fees" seeks reimbursement for certain "actual expenses" incurred in litigating this case. (*See* Pl. Appl. at ¶ 7; Stewart Decl. at ¶ 3.) In particular, Plaintiffs seek expenses for photocopying, service of process, postage and messenger services, telephone calls, and legal research. (*See* Stewart Decl., Ex. A.) Plaintiffs' counsel has indicated that his firm does not incorporate such expenses into its billing rates (Stewart Decl. at ¶ 10), and that the firm billed Plaintiffs for these expenses in this case (*see* Stewart Decl., Ex. A).

"'Attorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (quoting *United States Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir. 1989)). The Second Circuit has recognized that expenses including photocopying, research and telephone costs "are the sort of expenses that may ordinarily be recovered" as part of a fee award, and need not be treated as "overhead expenses." *LeBlanc-Sternberg*, 143 F.3d at 763 (citing cases); *see also Gateway Bank, F.S.B. v. Ideal*

*Mortg. Bankers, Ltd.*, CV 10-334 (JS) (ETB), 2010 U.S. Dist. LEXIS 92135, at *14-15 (E.D.N.Y. June 8, 2010) ("costs for photocopying, telephone calls, legal research, filing fees, service of process, postage, and air courier services . . . are routinely recoverable" as part of a fee award (citing cases)), *adopted by* 2010 U.S. Dist. LEXIS 82097 (E.D.N.Y. Aug. 12, 2010). Furthermore, the Court has reviewed the expenses sought to be recovered by Plaintiffs and finds them to be reasonable, and Defendant does not oppose Plaintiffs' application seeking recovery of these expenses. Under the circumstances, the Court recommends that Plaintiffs be awarded the expenses they have requested, in the amount of $1,345.02.

## CONCLUSION

For all the foregoing reasons, the Court respectfully recommends a total attorneys' fees award of $13,208.52 in Plaintiffs' favor, comprised of $11,863.50 in fees and $1,345.02 in legal expenses.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Lawrence M. McKenna, United States Courthouse, 500 Pearl Street, Room 1640, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge McKenna. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*,

968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
December 13, 2010

Respectfully submitted,

*Debra Freeman*
DEBRA FREEMAN
United States Magistrate Judge

Copies to:
All counsel (via ECF)

The Court accepts in its entirety the foregoing Report and Recommendation (to which no objections have been filed). So ordered.

*LMM* 1/4/11